UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AWILDA VANSLAMBROUCK,

Plaintiff,

-vs-                                        Case No. 6:05-cv-525-Orl-28JGG

PALMAS, INCORPORATED, RICHARD
D. DEBLER,

Defendants.

---

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| MOTION: | JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 22) |
|---|---|
| FILED: | January 27, 2006 |
| THEREON it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff Awilda Vanslambrouck sued Defendants Palmas, Incorporated and Richard D. Debler for violation of the Fair Labor and Standards Act of 1938, as amended. 29 U.S.C. § 216(b) ("FLSA"), for allegedly failing to pay her overtime wages. The parties have signed a written Settlement Agreement and General Release ("Settlement Agreement"), and ask the Court to approve the settlement and to enter final judgment.

I.  **THE LAW**

A.  **Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id.* at 1354-55.  If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.  *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B.  Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See*

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to

a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II. APPLICATION

Plaintiff alleged that she was not paid overtime wages for several weeks' work. Docket No. 1 at 3, ¶ 12. The answer denied these allegations and asserted, *inter alia*, that Plaintiff was a "bona fide executive, administrative, or professional" employee, and therefore "exempt" from the overtime compensation provisions of the FLSA. Docket No. 7 at 4. This case involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to settle this case. Defendants agreed to pay $1,500 to Plaintiff as back wages and $1,500 as liquidated damages, and to pay Plaintiff's counsel $5,000 in attorneys' fees and costs. Docket No. 22-2 at 2. In terms of fairness of the settlement, each party was independently represented by counsel. Docket No. 22-1 at 2. Counsel were obligated to vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, there is no suggestion of collusion. Further, the amount of potential recovery was small given the limited length of employment. Given the mandatory award of reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims are encouraged and extensive discovery typically is unnecessary. Also, based on Defendant's affirmative defenses, Plaintiff's probability of success on the merits was uncertain. *See* Docket No. 7 at 3-4. The Court finds that settlement of the action in favor of certainty was fair and reasonable.

As part of this motion for approval of the settlement, Plaintiff and Defendants attest to the reasonableness of $5,000 in attorney's fees and costs. *See* Docket No. 22-1 at 5. The high amount of attorney's fees and costs relative to the $1,500 settlement of overtime wages may mean that the

hourly rate charged by Plaintiff's counsel exceeded the reasonable hourly rate in the Orlando market for similar work performed by attorneys with similar qualifications and experience, although the parties presented no evidence regarding reasonable market rates. Comparing the amount of the Plaintiff's recovery to the attorneys' fees to be paid, however, the Court does not find that the amount of attorneys' fees is grossly excessive. *See, e.g., Goss*, 248 F. Supp. 2d at 1169 (denying attorney's fees of more than $16,000 when plaintiff recovered $316 in back wages). Further, Defendants join in moving for the approval of the proposed settlement and "accept for the purposes of the settlement that the designated fees and costs included in the settlement are reasonable" Docket No. 22-1 at 5. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Therefore it is **RECOMMENDED** that: 1.) the Joint Motion for Approval of Proposed Settlement and Motion to Dismiss Case with Prejudice [Docket No. 22] should be granted; 2. the settlement reached by the parties and described in the motion should be approved; and 3.) the case should be dismissed with prejudice; and 4.) the Clerk should be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 31, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy